WATFORD, Circuit Judge,
dissenting:
In my view, Vose’s prior conviction should have been excluded under Rule 403. The prior conviction had (at best) minimal probative value on the elements of knowledge and intent. While knowledge and intent are always relevant, see United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir.1994), no one disputed that whoever possessed the marijuana found in the house knew that the substance was marijuana. And no one disputed that whoever possessed the almost 400 kilos of marijuana surely possessed it with the intent to distribute it. We have previously recognized that where lack of knowledge is not the core defense theory, evidence of a pri- or conviction offered to prove knowledge is of “minimal probative value.” United States v. Vavages, 151 F.3d 1185, 1193 (9th Cir.1998). The same holds true with respect to the element of intent.
On the other side of the balance, the potential for unfair prejudice was great. The only element seriously contested here was possession. Vose’s defense was that he did not live at the house in question, was not involved in any drug distribution activity going on there, and thus did not possess the drugs found in the house. As to that element, the prior conviction did indeed have probative value, but only through “the classic propensity inference that Rule 404(a) prohibits”: Vose was found guilty of possessing marijuana at the house before, so he must be guilty again. Vavages, 151 F.3d at 1193-94. The likelihood that the jury would draw that prohibited inference, notwithstanding any limiting instructions given, should have led to the exclusion of the prior conviction, and the error in admitting the conviction cannot be deemed harmless on this record.